WEST FLORIDA NAVAL STORES CO., WEST FLORIDA GROCERY CO., AND PENSACOLA WAREHOUSING CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7352. Promulgated December 22, 1927.

*Philip D. Beall, Esq.*, for the petitioners.
*Henry Ravenel, Esq.*, for the respondent.

OPINION.

SMITH: In determining a deficiency for the year 1918 the respondent denied the claim of the petitioners for assessment under the provisions of section 328 of the Revenue Act of 1918. He appears to have considered the petitioners' claim for relief under section 328 for the calendar year 1919 but in his deficiency letter stated:

After careful consideration and review your application under the provisions of section 327 for assessment of your profits tax as prescribed by section 328 of the Revenue Act of 1918 has been denied inasmuch as the audit disclosed no exceptional hardship evidenced by gross disproportion between the tax computed without benefit of the above section and the tax computed by reference to the representative corporations specified in section 328.

Counsel for the petitioners contends that their inability to reflect in invested capital the value of good will and contracts acquired by them at or about the time they were organized, coupled with the amount of borrowed capital employed in their business, created abnormalities affecting invested capital.

The only information which we have with regard to any value of the good will of the Pensacola Grocery Co. is the earnings of that company for the years 1906 to 1910, inclusive, upon the capital and surplus of the company. Although such good will may have had a value, we are of the opinion that the earnings alone do not prove such value. Apparently the good will did not attach to the name of Pensacola Grocery Co. for the name was abandoned upon the organization of the West Florida Naval Stores Co. There appears to be no basis for the contentions of petitioners that the Pensacola Grocery Co. had good will of the value of $125,000, which was paid into the West Florida Naval Stores Co. at the date of its organization. We have no means of knowing the value, if any, which the contracts made by certain stockholders with certain producers of naval stores in 1911, and which were paid in to the West Florida Naval Stores Co. upon its organization had at the date of assignment to the new corporation. The evidence indicates that the most successful companies dealing in naval stores had arrangements with producers of naval stores such as the West Florida Naval Stores Co. had. We are not apprised of the value of such contracts.

We can not determine whether this fact was of such importance as to produce an abnormality of invested capital.

We are furthermore of the opinion that the borrowings made by the petitioners were not of such moment as to produce an abnormality in invested capital. The petitioners paid a good rate of interest upon such borrowings and the interest paid was deductible from gross income in income-tax returns.

In proof of the petitioners' contention that the income and profits tax determined to be payable by them would, without relief under section 328, work upon petitioners an exceptional hardship evidenced by gross disproportion between the tax computed without the benefit of the section and the tax computed by reference to representative corporations, it instances the tax paid by the Jacksonville Naval Stores Co. The only evidence which we have with respect to the tax paid by that company is that it was 11.8 per cent of its net income for 1918, and 9.85 per cent of its net income for 1919. We can not determine from these facts alone that the Jacksonville Naval Stores Co. is similarly circumstanced with respect to gross income, net profits per unit of business transacted, and capital employed, and therefore a proper comparative to be used in determining tax liability under section 328.

For lack of evidence as to such abnormalities affecting invested capital as would warrant the determination of tax liability under section 328 and of evidence as to what tax proper comparatives paid, the denial of relief under section 328 made by the Commissioner is sustained.

*Judgment will be entered for the respondent.*

Considered by TRUSSELL, LOVE, and LITTLETON.